**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| MABEL OLIVAS,<br>Plaintiff,<br><br>v.<br><br>UNITED STATES STEEL CORPORATION,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CASE NO. 2:11-CV-307-JRG** |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Mabel Olivas' ("Olivas") Motion to Compel Production of Documents, *etc.*, and Request for Oral Hearing (Dkt. No. 26), filed September 27, 2012. The motion is **DENIED**.

The rules of discovery are accorded a broad and liberal treatment to affect their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979). "A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) (quoting *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)); *see also Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 220 (5th Cir. 2000). The party requesting discovery may move to compel the disclosure of any materials requested so long as such discovery is relevant and otherwise discoverable. *See* Fed. R. Civ. P. 37; *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006) ("Federal Rule of Civil Procedure 37(a)[(3)(B)(iii) and (iv)] empowers the court to compel the production of documents . . . upon motion by the party seeking discovery."). The moving party bears the burden of showing that the materials and

information sought are "relevant to any party's claim or defense" or "appear[] reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26(b)(1); *Knight*, 241 F.R.D. at 263.

In determining whether a motion to compel has been timely filed, most courts look to the discovery deadline rather than the motion-filing deadline. *See, e.g.*, *Suzlon Wind Energy Corp. v. Shippers Stevedoring Co.*, 662 F. Supp. 2d 623, 661 (S.D. Tex. 2009); *Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 396-98 (N.D. Tex. 2006) (citing cases). A motion to compel must be filed sufficiently in advance of the Court's discovery deadline to permit the Court to hear the motion and, if granted, for discovery to complete by the deadline. *See, e.g.*, *Grey v. Dallas I.S.D.*, 265 Fed. Appx. 342, 348 (5th Cir. 2008) (finding no abuse of discretion where district court denied a motion to compel discovery when "it was filed on the day of the discovery deadline after an extensive discovery period"). Courts have considered a number of factors when deciding whether a motion to compel is untimely, including:

> (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, (6) the age of the case, (7) any prejudice to the party from whom late discovery was sought, and (8) disruption of the court's schedule.

*See Days Inn Worldwide, Inc.*, 237 F.R.D. at 398; *see also Turnage v. Gen. Elec.*, 953 F.2d 206, 209 (5th Cir. 1992) (finding no abuse of discretion where district court denied plaintiff's request to conduct discovery "given (i) the imminence of trial, (ii) the impending discovery deadline, and (iii) [plaintiff's] failure to request [discovery] earlier"). Here, the Court had set July 16, 2012 as the deadline for filing Motions to Compel Regarding Discovery Disputes (Dkt. No. 10).

In the present case, Plaintiff Olivas moved for an order compelling Defendant United States Steel Corporation, hereinafter correctly identified as United States Steel Tubular Products, Inc. ("USST"), to produce all documents, data compilations, and tangible things that are in its

possession, custody or control and are relevant to the claim or defense of either party. Olivas contends that she brought this matter to the attention of counsel for USST in a letter dated September 25, 2012, and discussed the matter by telephone with counsel for USST on September 26, 2012.

USST argues, *inter alia*, that Olivas' motion is untimely because she filed her motion more two months after the Court's July 16, 2012 deadline for filing motions to compel. (*See* Dkt. No. 35.) USST further contends that Olivas did not raise the matter until the letter dated September 25, 2012, which was over three weeks after USST filed its Motion for Summary Judgment, and a month before trial.

Having considered the above facts and authorities, the Court agrees that Olivas' motion is untimely. Olivas' Motion to Compel does not comply with the Court's July 16, 2012 deadline for filing Motions to Compel Regarding Discovery Disputes (Dkt. No. 10). The Court views its deadlines as firm guideposts which all the parties can freely reply upon in the conduct of pending litigation. Olivas did not file her motion until September 27, 2012, which was more than two months after the deadline for filing motions to compel. Further, Olivas did not provide any justification for her failure to comply with the Court's deadline, and did not move for leave to file the motion after the deadline. The Court is persuaded that granting this motion at this time would unfairly prejudice USST, disrupt the Court's schedule, and communicate the unintended and erroneous message to the membership of the Eastern District of Texas Bar and others that the Court's deadlines are not reliable or enforced. For these reasons, the Court **DENIES** Olivas' Motion to Compel.

**So ORDERED and SIGNED this 24th day of October, 2012.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE